FRANK DOVE v. THE STATE.

No. 12605.   Delivered May 29, 2929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for two years.

David Adams lost several bolts of cloth. Appellant was charged with the theft of four bolts of cloth from Adams aggregating $60.00 in value. No two of the bolts were of the aggregate value of $50.00. Appellant signed a confession wherein he stated that he and one Nug Roberts went to the tailor shop of Mr. Adams and that while Roberts talked to Mr. Adams, he, appellant, took two bolts of cloth from the building. He stated in the confession that he and Roberts delivered the cloth to Sanford Washington at his place of business. The sheriff testified that appellant told him he would find the cloth in Washington's place of business. He said that appellant did not tell him how much cloth would be found there. He further testified that pursuant to his conversation with appellant he went to Washington's place of business and got a large quantity of cloth, aggregating considerably more than four bolts. We quote from his testimony as follows: "As to how much stuff he (Washington) had, I will state that he had a whole armful of it—a whole lot more than is here." Prior to appellant's trial the injured party had died. The son of the injured party testified that the four bolts of cloth exhibited on the trial were taken from his father's place of business on Monday morning, April 30th. Appellant's confession negatives the fact that he and Roberts took more than two bolts of cloth. The record discloses that others were under investigation for stealing cloth from Mr. Adams. There is nothing to show that appellant was connected with those under investigation as a principal or otherwise.

The court submitted a charge covering the law of circumstantial evidence. It is appellant's contention that the evidence is insufficient to support a conviction for theft of property over the value of fifty dollars. Appellant confessed that he stole two bolts of cloth. Its value was under fifty dollars. Mr. Adams lost more than two bolts of cloth. In fact, according to the testimony of the sheriff, more than four bolts of cloth were found in Washington's place of business. Washington was not used as a witness and there is no testimony in the record to show that appellant carried four bolts of cloth and delivered them to Washington. As stated above, the sheriff

said that appellant didn't tell him how much cloth he had taken to Washington. Mr. Adams' testimony that he lost four bolts of cloth on Monday morning and the fact that the four bolts of cloth were found with a large number of bolts in Washington's place of business were the only circumstances indicating that appellant and Nug Roberts had stolen more than two bolts of cloth on the occasion in question. The record shows that others were under investigation for stealing some of this cloth. In the light of the record, we are constrained to hold that as to the two bolts of cloth not mentioned in appellant's confession the circumstances are not sufficient to exclude every other reasonable hypothesis except that of appellant's guilt.

Believing that the evidence is insufficient to support a conviction for theft of property over the value of fifty dollars, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.